**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

MARIANO SALCEDO,                    )   NO. ED CV 07-1438-E
                                    )
            Plaintiff,              )
                                    )
      v.                            )   **MEMORANDUM OPINION**
                                    )
MICHAEL J. ASTRUE, COMMISSIONER     )   **AND ORDER OF REMAND**
OF SOCIAL SECURITY ADMINISTRATION,  )
                                    )
            Defendant.              )
_____)


        Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS

HEREBY ORDERED that Plaintiff's and Defendant's motions for summary

judgment are denied and this matter is remanded for further

administrative action consistent with this Opinion.


                          **PROCEEDINGS**


        Plaintiff filed a complaint on November 9, 2007, seeking review

of the Commissioner's denial of benefits.  The parties filed a consent

to proceed before a United States Magistrate Judge on February 28,

2008.  Plaintiff filed a motion for summary judgment on April 21,

2008.  Defendant filed a cross-motion for summary judgment on May 16, 2008.  The Court has taken both motions under submission without oral argument.  See L.R. 7-15; "Order," filed November 13, 2007.

### BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On August 31, 2005, Plaintiff filed applications for supplemental security income and disability insurance benefits (Administrative Record ("A.R.") 57-59, 234-38).  Plaintiff asserts disability based on "depression, peptic ulcer, diabetic (sic), anemia, [an] eye problem, [and] stroke" (A.R. 78).  Plaintiff alleges he became disabled as of August 8, 2005 (A.R. 79).

The Social Security Administration denied Plaintiff's applications initially and upon reconsideration (A.R. 20-21, 239-40). Plaintiff requested a hearing, which an ALJ conducted on June 26, 2007 (A.R. 241-54).  The ALJ examined the medical record and heard testimony from Plaintiff and a vocational expert (Id.).

Plaintiff testified that he stopped working because he had a stroke and subsequently his vision "went bad" (A.R. 244).  Plaintiff said he can see very little with his left eye and has difficulty reading (A.R. 246-48).  Plaintiff reportedly has no sensation in two fingers on his left hand and has problems gripping with that hand (A.R. 249).  Plaintiff also claimed he has problems with his memory and concentration (A.R. 248, 250).  Plaintiff testified that he spends his days walking in his backyard, sitting, and watching television

(A.R. 250-51).[1]


The ALJ found that Plaintiff's testimony regarding his
limitations was not credible (A.R. 16-17).  In at least partial
reliance on this credibility finding, the ALJ denied benefits (A.R.
17-19).  The ALJ found that although Plaintiff suffers from medically
determinable impairments that could reasonably be expected to produce
his alleged symptoms (*i.e.*, status post-stroke, cognitive disorder
with deficits in sustained concentration and diabetes mellitus),
"[Plaintiff's] statements concerning the intensity, persistence and
limiting effects of these symptoms are credible only to the extent
consistent with having the ability to perform work set forth above"
(A.R. 14, 17).  The ALJ added: "There is certainly nothing in the
medical evidence to suggest that more restrictive limitations are
warranted" (*Id.*).


The ALJ found that Plaintiff retains the residual functional
capacity to perform light work with the following additional
limitations:


> [Plaintiff] can only read occasionally; cannot read fine
> print; cannot use his left eye (and therefore cannot

---

[1]     In a "Function Report - Adult" dated September 19, 2005,
Plaintiff reported that he showers every other day, takes a walk
each day for about an hour or a half hour, watches television, and
sometimes accompanies his wife to pick up their daughter from
school (A.R. 62).  Plaintiff also reported that he cannot drive or
use his left hand (A.R. 63, 65, 67, 106).  Plaintiff said he cannot
go out alone because he can only see with his right eye (A.R. 65,
106).

perform work that requires binocular vision or full

visual fields); can push and pull with his left upper

extremity on an occasional to frequent basis; can

occasionally climb ramps and stairs but cannot climb

ladders, ropes or scaffolds; can occasionally stoop,

kneel, crouch and crawl; cannot balance; can handle and

finger with his left hand on an occasional to frequent

basis (but does not have any limitations with regard to

his right hand); must avoid concentrated exposure to

extreme cold, extreme heat, and vibration; must avoid

even moderate exposure to hazards such as machinery and

heights; and is limited to simple, repetitive tasks that

do not require hypervigilence.

(A.R. 15).[2]  Additionally, the ALJ found that Plaintiff has mild

[2]     Light work involves lifting no more than 20
pounds at a time with frequent lifting or
carrying of objects weighing up to 10 pounds.
Even though the weight lifted may be very
little, a job is in this category when it
requires a good deal of walking or standing,
or when it involves sitting most of the time
with some pushing and pulling of arm or leg
controls.   To   be   considered   capable   of
performing a full or wide range of light work,
you must have the ability to do substantially
all of these activities. If someone can do
light work, we determine that he or she can
also  do  sedentary  work,  unless  there  are
additional limiting factors such as loss of
fine dexterity or inability to sit for long
periods of time.

20 C.F.R. § 404.1567(b). SSR 83-10 instructs that:

(continued...)

difficulties in activities of daily living, social functioning, and in maintaining concentration, persistence or pace (Id.).  The ALJ expected that Plaintiff would experience episodes of decompensation one to two times per month (Id.).

A vocational expert testified that a person with the limitations the ALJ found to exist could not perform Plaintiff's past relevant work, but could work as a ticket taker or a bench assembler, both unskilled light jobs (A.R. 251-53).  Based on the vocational expert testimony, the ALJ found that there were significant numbers of jobs in the national economy that Plaintiff assertedly could perform in spite of his limitations (A.R. 18).  The Appeals Council denied review (A.R. 4-6).

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Commissioner's decision to determine if: (1) the Commissioner's

---

[2](...continued)
. . . the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday. Sitting may occur intermittently during the remaining time. The lifting requirement for the majority of light jobs can be accomplished with occasional, rather than frequent, stooping. Many unskilled light jobs are performed primarily in one location, with the ability to stand being more critical than the ability to walk. They require use of arms and hands to grasp and to hold and turn objects, and they generally do not require use of the fingers for fine activities to the extent required in much sedentary work. See SSR 83-10.

1  findings are supported by substantial evidence; and (2) the

2  Commissioner used proper legal standards.  See Swanson v. Secretary,

3  763 F.2d 1061, 1064 (9th Cir. 1985).

4

5                              **DISCUSSION**

6

7      Plaintiff contends, inter alia, that the ALJ did not properly

8  evaluate Plaintiff's testimony.  See Plaintiff's Motion, pp. 2-4.  The

9  Court agrees.

10

11     In finding Plaintiff retains a residual functional capacity

12  that allows Plaintiff to work, the ALJ stated:

13

14         . . . claimant testified he worked as an optician for 27

15         years but stopped working when he had a stroke about one

16         and a half years ago.  He stated his health has

17         deteriorated since that time and that he has had

18         significant vision problems due to diabetic retinopathy

19         and is essentially blind in his left eye.  He stated he

20         has difficulty reading due to his vision problems but

21         admitted he can see larger objects okay and is therefore

22

23

24

25

26

27

28

able to drive.[3]  He stated he gets dizzy occasionally,

has memory problems, and problems focusing.  He stated

he has no sensation in the last two fingers of his left

hand and has numbness in his feet.  When asked about his

daily activities, he stated he walks as physical therapy

for his feet, goes in his back yard, and watches

television on a big screen.

(A.R. 17; emphasis added).

     As the ALJ acknowledged, Plaintiff produced medical evidence of

underlying physical impairments that are reasonably likely to be the

source of Plaintiff's subjective symptoms (A.R. 17).  "An ALJ is not

_____

     [3]     The Court notes that although Plaintiff testified that he
has a driver's license, Plaintiff did not testify that he is able
to drive (A.R. 248).  In fact, Plaintiff asserted that he cannot
drive because of his vision problems.  See A.R. 63 (disability
report noting Plaintiff cannot drive).

     The ALJ's apparent mischaracterization of the evidence calls
into question the validity of both the ALJ's credibility
determination and the ALJ's decision as a whole.  See Regennitter
v. Commissioner, 166 F.3d 1294, 1297 (9th Cir. 1999) (a "specific
finding" that consists of an "inaccurate characterization of the
evidence" cannot support an adverse credibility determination); see
also Thelen v. Astrue, 2007 WL 3283651 *1 (9th Cir. Nov. 7, 2007)
(unpublished decision) (requiring reconsideration of adverse
credibility finding where the ALJ's characterization of the
claimant's testimony "materially overstate[d] the record and
create[d] a misleading impression of [claimant's] capacity");
Valenzuela v. Astrue, 2007 WL 2693679 *1 (9th Cir. Sept. 10, 2007)
(unpublished opinion) (finding ALJ's credibility determination
unsupported by substantial evidence where the ALJ's determination
was based in part on "inaccurate characterization" of claimant's
testimony); U.S. Ct. App. 9th Cir. Rule 36-3(b) (allowing citation
of unpublished Ninth Circuit opinions issued on or after January 1,
2007).

1  required to believe every allegation of disabling pain or other non-

2  exertional impairment."  Orn v. Astrue, 495 F.3d 625, 635 (9th Cir.

3  2007) (citations and quotations omitted).  However, once a disability

4  claimant produces medical evidence of an underlying physical or mental

5  impairment that is reasonably likely to be the source of his or her

6  subjective symptoms, the adjudicator is required to consider the

7  claimant's subjective complaints and their functional effect.  See

8  Robbins v. Social Sec. Admin., 466 F.3d 880, 883 (2006); Moisa v.

9  Barnhart, 367 F.3d 882, 885 (9th Cir. 2004); Bunnell v. Sullivan, 947

10  F.2d 341, 345 (9th Cir. 1991) (en banc); see also 20 C.F.R. §

11  404.1529(a), 416.929(a) (explaining how pain and other symptoms are

12  evaluated).  To reject as not credible a claimant's testimony

13  concerning his or her limitations, at a minimum the ALJ must make

14  "specific, cogent" findings, supported in the record, to justify the

15  rejection.  See Robbins, 466 F.3d at 883; Greger v. Barnhart, 464 F.3d

16  968, 972 (9th Cir. 2006) (citing Lester v. Chater, 81 F.3d 821, 834

17  (9th Cir. 1996) and Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir.

18  1990)); Holohan v. Massanari, 246 F.3d 1195, 1208 (9th Cir. 2001) (the

19  ALJ must "specifically identify the testimony [the ALJ] finds not to

20  be credible and must explain what evidence undermines the testimony");

21  Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996) ("The ALJ must

22  state specifically which symptom testimony is not credible and what

23

24

25

26

27

28

1   facts in the record lead to that conclusion.").[4]

2

3        The ALJ's credibility findings "must be sufficiently specific

4   to allow a reviewing court to conclude the ALJ rejected the claimant's

5   testimony on permissible grounds and did not arbitrarily discredit the

6   claimant's testimony." Moisa, 367 F.3d at 885.  To find the claimant

7   not credible, an ALJ may rely on (1) reasons unrelated to the content

8   of the subjective testimony (e.g., reputation for dishonesty);

9   (2) internal contradictions in the testimony; or (3) conflicts between

10  the claimant's testimony and the claimant's conduct (e.g., engaging in

11  daily activities inconsistent with the alleged symptoms, performing

12  work inconsistent with the alleged symptoms, or failing, without

13  adequate explanation, to take medication, to seek treatment or to

14  follow a prescribed course of treatment). Lingenfelter v. Astrue, 504

15  F.3d 1028, 1040 (9th Cir. 2007); Orn, 495 F.3d at 636; Robbins, 466

16  F.3d at 883; Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005);

17  Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002); SSR 96-7p.

18

19       Here, the ALJ's credibility findings were insufficiently

20  specific.  As previously noted, the ALJ accepted Plaintiff's

21  subjective complaints as credible "only to the extent consistent with

22  having the ability to perform work set forth above" (A.R. 14, 17).

23

24       [4]   In the absence of evidence of "malingering," most recent
25  Ninth Circuit cases have applied the arguably more rigorous "clear
    and convincing" standard.  See, e.g., Robbins, 466 F.3d at 883;
26  Moisa, 367 F.3d at 885; Connett v. Barnhart, 340 F.3d 871, 873 (9th
    Cir. 2003); Ballard v. Apfel, 2000 WL 1899797 *2 n.1 (C.D. Cal.
27  Dec. 19, 2000) (collecting cases).  In the present case, the ALJ's
    findings are insufficient under either standard, so the distinction
28  between the two standards (if any) is academic.

The ALJ's accompanying statement that there was "nothing in the medical evidence to suggest that more restrictive limitations are warranted," is not a sufficient basis for rejecting Plaintiff's credibility.  An absence of fully corroborative medical evidence cannot form the sole basis for rejecting the credibility of a claimant's subjective complaints.  See Varney v. Secretary, 846 F.2d 581, 584 (9th Cir. 1988); Cotton v. Bowen, 799 F.2d 1403, 1407 (9th Cir. 1986); see also Burch, 400 F.3d at 681 ("lack of medical evidence" can be "a factor" in rejecting credibility, but cannot "form the sole basis").

Although the AlJ briefly discussed the medical record in finding Plaintiff not disabled, the ALJ made no findings regarding which of Plaintiff's complaints were not credible, and the ALJ did not explain how he discounted those complaints in finding that Plaintiff's symptoms would produce no greater limitations than the ALJ found to exist (A.R. 17).  In short, the lack of specificity in the ALJ's discussion of Plaintiff's credibility prevents such discussion from adequately supporting the credibility determination.[5]

The vocational expert opined that, if Plaintiff had to be off task 15 percent of the time due to concentration problems, there would

---

[5]     Defendant appears to argue there exist other reasons, unspecified by the ALJ, that could justify the rejection of Plaintiff's subjective complaints.  See Defendant's Motion, pp. 2-3.  Such arguments, however potentially persuasive, are not cognizable by the Court.  See Connett v. Barnhart, 340 F.3d at 874 (district court cannot affirm on the basis of evidence the ALJ failed to discuss); Pinto v. Massanari, 249 F.3d 840, 847 (9th Cir. 2001) (same).

1  be an erosion in the jobs the expert opined Plaintiff could perform

2  (A.R. 253).  For this reason alone, the Court cannot conclude that the

3  error in the ALJ's credibility determination was harmless.

4

5       When a court reverses an administrative determination, "the

6  proper course, except in rare circumstances, is to remand to the

7  agency for additional investigation or explanation."  INS v. Ventura,

8  537 U.S. 12, 16 (2002) (citations and quotations omitted).  Remand is

9  proper where, as here, additional administrative proceedings could

10 remedy the defects in the decision.  McAllister v. Sullivan, 888 F.2d

11 599, 603 (9th Cir. 1989); see generally Kail v. Heckler, 722 F.2d

12 1496, 1497 (9th Cir. 1984); see also Connett v. Barnhart, 340 F.3d

13 at 876 (remand is an option where the ALJ stated insufficient reasons

14 for rejecting a claimant's excess pain testimony).[6]

15

16      LET JUDGMENT BE ENTERED ACCORDINGLY.

17

18      DATED:  June 2, 2008.

19

20                _____/S/_____
                          CHARLES F. EICK

21               UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27     [6]    The Court has not reached any of the other issues raised

28 by Plaintiff, except insofar as to determine that Plaintiff's
   arguments in favor of reversal rather than remand are unpersuasive.